KAISER-DUCETT CORPORATION, Petitioner-Appellant, *v.* HOUSEWRIGHTS, INC., Respondent-Appellee.

First District (1st Division)    No. 76-319

Opinion filed May 2, 1977.—Rehearing denied May 25, 1977.

Francis P. Smith, of Shaheen, Lundberg, Callahan & Burke, of Chicago, for appellant.

Forrest D. Serblin, of Peoria, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Kaiser-Ducett Corporation (petitioner) as general contractor entered into a written agreement for building of a nursing home. Petitioner then entered into a written agreement with a subcontractor, Housewrights, Inc. (respondent). A dispute arose between the parties. Respondent instituted proceedings before the American Arbitration Association and obtained an award of $5268.50. Petitioner filed suit in the circuit court praying that the award be vacated (Ill. Rev. Stat. 1975, ch. 10, par. 112(a)(5)) and also seeking to modify and clarify the award by including findings of the arbitrator (par. 113). The circuit court confirmed the award and reduced it to judgment. Petitioner has appealed.

Petitioner urges that the contract between the parties is silent on the question of arbitration so that the trial court lacked jurisdiction to confirm the award and to enter judgment thereon. Consequently the award should have been vacated and the arbitrator was without jurisdiction to enter the award. Respondent contends that the contract is not silent on the subject of arbitration but rather created an agreement to arbitrate disputes arising out of the contract; and that the trial court had jurisdiction to confirm the award and reduce it to judgment.

The respondent has made a motion to dismiss this appeal on the ground that this court lacks jurisdiction. We have taken this motion with the case.

The written subcontract between these parties provided:

> "All claims, disputes and other matters in question arising out of, or relating to, this Contract, or the breach thereof, shall be decided by arbitration in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor except that a decision by the Architect shall not be a condition precedent to arbitration."

Strange to relate, the original agreement entered into by petitioner, as general contractor, contained no provision whatever for arbitration. Respondent filed a written demand upon petitioner for arbitration with the Association. Petitioner filed written objection with the Association taking the position that the dispute was not subject to arbitration. Petitioner made the same objection before the arbitrator and was overruled.

The initial issue raised by petitioner is whether the trial court had jurisdiction. Petitioner cites general language from *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 230-31, 248 N.E.2d 289, *appeal denied* (1969), 42 Ill. 2d 583, which in turn cites *Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149, to the effect that where the contract is silent on the issues sought to be arbitrated, there is no contract and the arbitrator lacked jurisdiction to enter the award while the trial court lacked jurisdiction to confirm it. Peitioner cites and relies upon the language of the Uniform Arbitration Act as currently in force in Illinois that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, * * *." (Ill. Rev. Stat. 1975, ch. 10, par. 101.) Petitioner argues, in a deductive fashion from the language of this statute as a major premise, to the minor premise that there is no written agreement to arbitrate between these parties and consequently arrives at the result of lack of jurisdiction. We disagree.

■■ The Constitution of Illinois grants to the circuit court "original jurisdiction of all justiciable matters except * * * " as to certain specified

fields reserved to the original and exclusive jurisdiction of the supreme court. (Ill. Const. 1970, art. VI, §9.) In the pertinent Illinois statute, the word "court" is defined as meaning "any circuit court of this State." The same section expressly confers jurisdiction on the court to enforce the arbitration agreement and to enter judgment on an award thereunder. (Ill. Rev. Stat. 1975, ch. 10, par. 116.) This court has recently defined jurisdiction of the subject matter as the power of a particular court to hear the type of case before it. (*Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 295, 326 N.E.2d 545, *appeal denied* (1975), 60 Ill. 2d 595, and cases there cited.) Thus, it seems beyond dispute that if this contract situation between the parties amounts in law to a written agreement providing for arbitration, the circuit court has jurisdiction of the subject matter.

■■ ■ The Illinois Uniform Arbitration Act "empowers courts of general jurisdiction, upon application of a party, to compel or stay arbitration, or to stay court action pending arbitration." It further empowers courts to vacate arbitrators' awards setting forth grounds and procedures for such action. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 93, 242 N.E.2d 149, citing Ill. Rev. Stat. 1967, ch. 10, pars. 102 and 112.) The Illinois statute on arbitration must be deemed a part of the contract between the parties as though expressly referred to or incorporated therein. *Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 302, 260 N.E.2d 860.

■■ This analysis leads to the conclusion that the jurisdiction of the circuit court depended upon the existence of a written contract for arbitration between these parties. The law is fixed, established and settled that "the question of whether there was a contract was not arbitrable; but, rather, was an issue of law determinable only by the court." (*People ex rel. Delisi Construction Co. v. Board of Education* (1975), 26 Ill. App. 3d 893, 896, 326 N.E.2d 55, citing *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 248 N.E.2d 289; *Paschen Contractors, Inc. v. John J. Calnan Co.* (1973), 13 Ill. App. 3d 485, 489, 300 N.E.2d 795; *In re Matter of Arbitration* (1972), 3 Ill. App. 3d 913, 916, 278 N.E.2d 818; *County of Stephenson v. Bradley & Bradley, Inc.* (1971), 2 Ill. App. 3d 421, 425, 275 N.E.2d 675.) To this list of cases must be added the case cited and relied upon by plaintiff, *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 229, 248 N.E.2d 289 where the court held that the limits of jurisdiction to arbitrate "should be determined at the earliest possible moment and should be controlled by judicial guidelines." Petitioner expressly recognized this by seeking assistance from the circuit court in filing its suit based specifically upon two sections of the Illinois Arbitration Act.

This view of the law is not surprising. It would be unheard of and

impermissible to arrive at any conclusion other than the principle that every court has inherent power to determine the existence and limits of its own jurisdiction and such determination once made is binding unless reversed on appeal. (*People ex rel. Adamowski v. Dougherty* (1960), 19 Ill. 2d 393, 399, 167 N.E.2d 181. See also *Lambert v. Conrad* (7th Cir. 1976), 536 F.2d 1183, 1185, citing *United States v. United Mine Workers* (1947), 330 U.S. 258, 292 n. 57, 91 L. Ed. 884, 912 n. 57, 67 S. Ct. 677, 695 n. 57.) As shown, the trial court ruled that it had jurisdiction and plaintiff has appealed. This determination by the circuit court that it had jurisdiction of the subject matter may have been voidable or erroneous but it was not a void judgment. Therefore the controlling issue is whether or not this court has jurisdiction to review the judgment of the circuit court.

The pertinent chronology here is:

December 6, 1974—The trial court denied the application of petitioner to vacate the award.

March 5, 1975—The court ordered the award reduced to judgment.

October 30, 1975—The court found by an additional order that the order of March 5, 1975, was final and that there was no just reason to delay enforcement of or appeal from that order.

December 12, 1975—Petitioner filed a petition to vacate the preceding order based generally on the same grounds as the original suit; a denial of the existence of jurisdiction in the trial court. This petition was denied on December 19, 1975, and petitioner's notice of appeal was filed January 8, 1976.

■■ After entry on October 30, 1975, of the final order confirming the award, plaintiff had 30 days within which to file a notice of appeal or to file a motion attacking the order to obtain an extension of time within which to do so. The filing on December 12, 1975, of the petition to vacate the previous judgment was not timely. Petitioner cannot, by filing a notice of appeal within 30 days after December 19, 1975, when the court denied its petition to vacate, obtain review of the preceding orders. This result is required by *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403.

■■ It follows that this court has no jurisdiction to review the matter before us. We lack power and authority to determine if the judgments of the circuit court confirming the award and reducing it to judgment are or are not erroneous. Our only remaining course of action is to allow the motion of respondent to dismiss the appeal.

Appeal dismissed.

McGLOON and O'CONNOR, JJ., concur.