FRED KILIANEK, Plaintiff-Appellee, v. JUNG K. KIM, Defendant-Appellant.

First District (5th Division)   No. 1—88—3573

Opinion filed December 8, 1989.

James Tarsney, of Chicago, for appellant.

Law Office of Robert J. Mangan, of Chicago (Robert J. Mangan, of counsel), for appellee.

JUSTICE COCCIA delivered the opinion of the court:

This appeal is taken from the order of the circuit court, chancery division, which entered judgment in favor of the plaintiff, Fred Kilianek, and against the defendant, Jung Kim, in the amount of $2,652, affirming the arbitrator's award of November 23, 1987.

Defendant-appellant Kim preserved his right to appeal by timely assertion of his motion arguing that the arbitrator was without jurisdiction in reaching his findings.

The record advises us that the appellant properly raised the issue of jurisdiction, both before the arbitrator and before the circuit court. In both instances his claim was rejected.

We have for decision the question of whether this court has jurisdiction to review the judgment of the circuit court under these special circumstances. If this court does have jurisdiction, then we are called upon to decide whether all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation thereof.

Appellant Kim is the owner of a home in Chicago, Illinois. On March 25, 1986, he entered into a contract to have Kilianek, an experienced contractor, add an additional room onto his home. The contract was a standard form agreement entitled "Abbreviated Form of Agreement Between Owner and Contractor."

Under the terms of the agreement, the architectural work in designing the additional room was to be done by Park & Associates,

Inc., a firm with which Kilianek had previously worked. Park & Associates provided the architectural drawings. Various changes were made during the course of construction. Kim made periodic payments for a total of $14,100 toward the costs of construction. On March 29, 1987, Kilianek demanded a final payment in the sum of $2,739. For reasons discussed below, Kim did not make payment, which prompted Kilianek to file arbitration proceedings pursuant to the terms of the contract.

Appellee points to article 13 of the contract, which provides in pertinent part as follows:

"All Claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."

The appellant, however, relies upon article 5 of the same agreement, which states as follows:

"Final payment, constituting the entire unpaid balance of the Contract Sum, shall be paid by the Owner to the Contractor when the work has been completed, the contract fully performed, and a final Certificate for Payment has been issued by the Architect."

Appellant and appellee both agree that a final certificate for payment has not been issued by the architect. The appellee takes the position that if this question is in dispute, then it is to be resolved as any other claim or dispute under article 13 of the agreement.

On the other hand, the appellant states that inasmuch as the contractor has not provided him with a final certificate for payment pursuant to article 5 of the agreement, the lack of compliance therewith amounts to an unfulfilled condition precedent, and there is no obligation on him to perform. We agree with the appellant-owner and for reasons expressed below reverse and remand for further proceedings not inconsistent with this ruling.

The appellee contends that, notwithstanding the fact that no certificate of payment from the architect was provided by him, he was entitled to and in fact made a demand for final payment. Upon refusal by the appellant to make payment, the appellee instituted arbitration proceedings.

Regrettably the record is devoid of a transcript of the proceedings that took place, either before the arbitrator or before the chancellor, and we are not assisted in any way towards understanding the rea-

soning of the arbitrator or the court below on this issue. We therefore must look at the language of the contract and determine the merits of the issue for ourselves.

OPINION

It is clear and unmistakable that the language of the contract controlling the parties contains a condition precedent which has not been met. A condition precedent is one which must be performed by the one party to an existing contract before the other party is obligated. (*Peoria Harbor Marina v. McGlasson* (1982), 105 Ill. App. 3d 723, 729, 434 N.E.2d 786, 791.) Article 5, dealing with final payment, states unequivocally that final payment is not due from the owner to the contractor until such time as a final certificate for payment has been issued by the architect. Appellee agrees that none was provided. It therefore follows, and we are bound to conclude, that article 5 has not been satisfied, and as a consequence, there was no obligation upon the owner to pay.

We agree that arbitration should receive every encouragement from the courts as a mode of settling disputes. We agree further that judicial review of an arbitrator's award should be more limited than appellate review of a trial court's decision. We also recognize as a matter of policy that courts ought not to substitute their judgment for that of the arbitrators chosen by the parties so as to make an arbitration award the commencement, not the end, of litigation. Notwithstanding the foregoing, the Illinois Uniform Arbitration Act sets forth the grounds upon which the courts can vacate an arbitrator's award and sets forth the various procedures for such action. The Act provides:

"Vacating an Award. (a) Upon application of a party, the court shall vacate an award where:
* * *
(3) The arbitrators exceeded their powers * * *." Ill. Rev. Stat. 1985, ch. 10, par. 112(a)(3).

We agree with the principle that the Illinois statute on arbitration must be deemed a part of the contract between the parties. *Kaiser-Ducett Corp. v. Housewrights, Inc.* (1977), 48 Ill. App. 3d 589, 592, 363 N.E.2d 97, 99.

From this analysis, we conclude that the jurisdiction of the circuit court depended upon whether the arbitrator exceeded his powers. We likewise conclude that he did. We reaffirm the proposition laid down in *Kaiser-Ducett* that the law is fixed that the question of whether a contract existed is not arbitrable; rather, it is an issue of

law determinable only by the courts. 48 Ill. App. 3d at 592, 363 N.E.2d at 99.

■■ We accordingly hold that the contract in question was not binding upon the appellant-owner, as a condition precedent dealing with payments was not performed or satisfied. Consequently, his contractual obligations end. (See *Local 165, International Brotherhood of Electrical Workers, AFL-CIO v. Bradley* (1986), 149 Ill. App. 3d 193, 205, 499 N.E.2d 577, 585; see also *Lyntel Products, Inc. v. Alcan Aluminum Corp.* (1982), 107 Ill. App. 3d 176, 180-81, 437 N.E.2d 653, 657.) We also agree with the reasoning in *Jones v. Seiwert* (1987), 164 Ill. App. 3d 954, 958, 518 N.E.2d 394, 397, where the court stated that a contract is neither enforceable nor effective until the condition precedent is performed or the contingency occurs. See also *Dodson v. Nink* (1979), 72 Ill. App. 3d 59, 64, 390 N.E.2d 546, 549.

■■ The court in *In re Estate of Albrecht* (1975), 27 Ill. App. 3d 839, 841, 327 N.E.2d 317, 319, stated that a condition precedent is one which must be performed before a contract becomes effective, or which is to be performed by one party to the existing contract before the other party is obligated to perform. See also *Lyntel Products*, 107 Ill. App. 3d at 180, 437 N.E.2d at 656; *In re Estate of Rice* (1985), 130 Ill. App. 3d 416, 428, 473 N.E.2d 1382, 1390.

■■ Thus, we conclude that both the arbitrator and the circuit court erred. We find that the parties herein were bound by the underlying agreement, save that the obligation of the owner to make final payment is not binding as it was the subject matter of a condition precedent which was never satisfied. Given the foregoing, we hold that there was no obligation upon the owner to make final payment until such time as the condition was, in fact, satisfied or waived.

We therefore reverse and remand this matter to the trial court, directing that the arbitrator's award be vacated and that further proceedings consistent with this opinion be held. Absent the production of the certificate for payment or a reasonable explanation under the law for the appellee's inability to satisfy the condition precedent, he is not entitled to relief.

Reversed and remanded with directions.

MURRAY, P.J., and LORENZ, J., concur.