ERIC JENSEN, Plaintiff-Appellee, v. QUIK INTERNATIONAL *et al.*, Defendants-Appellants.

First District (6th Division)    No. 1—03—2023

Opinion filed December 12, 2003.

Fredric A. Cohen and John A. Hughes, both of Piper Rudnick, of Chicago, for appellants.

Marc N. Blumenthal, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Eric Jensen, filed a complaint against defendants, Quik International (Quik), Murray Mead and Jack Reynolds, seeking to rescind his franchise agreement with defendants on the grounds that the Quik failed to comply with provisions governing the registration and sale of franchises in the Franchise Disclosure Act of 1987 (Act), as amended (815 ILCS 705/5, 10 (West 2002)). Defendants moved to stay the litigation pending arbitration and filed an arbitration demand pursuant to an arbitration provision in the franchise agreement. Thereafter plaintiff filed a motion to stay the arbitration pending the circuit court ruling on defendants' motion to stay the litigation. On June 20, 2003, the circuit court granted plaintiff's motion to stay the arbitration. On July 14, 2003, the circuit court denied the defendants' motion to stay the litigation pending arbitration. This appeal followed.

On July 3, 2002, Jensen entered into a written franchise agreement with Quik whereby Quik granted Jensen the right to operate a franchise in Illinois. The franchise agreement contains an arbitration clause, which provides:

"[A]ny controversy or claim arising out of or relating to this Agreement or its breach, including without limitation, any claim that this Agreement or any of its parts is invalid, illegal or otherwise voidable or void, shall be submitted to arbitration ***."

Sometime thereafter, Quik notified Jensen that it was in violation of the Franchise Disclosure Act of 1987 because its registration as a franchise with the Illinois Attorney General's office had expired at the time Quik and Jensen had entered into the franchise agreement. The notice sent by Quik to Jensen informed Jensen of his rights under the Act, including Jensen's right to sue for damages and/or rescission.

On April 24, 2003, Jensen filed a complaint against Quik, its chief executive officer and its president in the circuit court seeking damages and rescission of the franchise agreement. Count I of the complaint alleges that Quik violated sections 5 and 10 of the Franchise Disclosure Act of 1987 by failing to register as a franchise in Illinois. Count II alleges that Quik violated section 6 of the Act for making incomplete and misleading disclosures. Count III alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2002)). On June 2, 2003, defendants filed a motion to stay pending arbitration. On June 5, 2003, Quik filed an arbitration demand pursuant to section 3 of the Federal Arbitration Act (9 U.S.C. § 3 (2000)). Jensen filed a cross-motion to stay the arbitration. The circuit court denied Quik's motion to stay and granted Jensen's Motion to Stay.

Although Quik admits that it was not a registered franchise in Illinois, it maintains that the claims alleged by Jensen must be submitted to arbitration. Quik contends that section 3 of the Federal Arbitration Act requires the enforcement of the arbitration clause in the franchise agreement. Quik asserts that plaintiff's reliance on *Barter Exchange, Inc. of Chicago v. Barter Exchange, Inc.*, 238 Ill. App. 3d 187, 606 N.E.2d 186 (1992), is misplaced because in *Barter Exchange*, this court applied state law in denying a motion to compel arbitration. Here, Quik argues that the arbitration agreement is within the coverage of the Federal Arbitration Act and not the Illinois Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2002)). Quik contends that federal law supercedes state law and federal law requires Quik's motion to stay litigation be granted.

In *Barter Exchange*, this court held that the issue of whether the parties entered into an enforceable contract was not arbitrable because the question of whether a contract exists is a question of law for the court to decide. *Barter Exchange*, 238 Ill. App. 3d at 192. There, franchisees in Illinois and Kentucky sought to rescind their franchise agreements because the defendant franchisor allowed its registrations to expire before the franchise agreements were executed. This court held that the Illinois and Kentucky laws requiring a franchisor to obtain a registration to do business within the state must be deemed a part of the respective franchise contracts. *Barter Exchange*, 238 Ill. App. 3d at 192. These laws, as implied terms of the contract, established conditions precedent to the effectiveness and enforceability of the contracts. Because the franchisor failed to satisfy the condition precedent of registration, the franchise contracts were not binding on the franchisees. *Barter Exchange*, 238 Ill. App. 3d at 194, 606 N.E.2d at 191. This court then held that the absence of this condition precedent rendered the contract subject to rescission, which implicitly invalidated the arbitration agreement within that purported contract. Thus, without an agreement to arbitrate, the plaintiff did not need to submit its claim to arbitration.

We note that this court's decision in *Barter Exchange* has been rejected by the Fourth District Appellate Court (*Cusamano v. Norrell Health Care, Inc.*, 239 Ill. App. 3d 648, 607 N.E.2d 246 (1992)), and the Fifth District Appellate Court (*Jacob v. C & M Video, Inc.*, 248 Ill. App. 3d 654, 618 N.E.2d 1267 (1993)). However, we find our decision in *Barter Exchange* to be well-founded and we decline to follow these decisions. Moreover, we find defendants' contention that *Barter Exchange* does not apply here because the court applied state law to be misguided.

As this court stated in *Barter Exchange*, the issue of whether

the parties have entered into an enforceable contract is not arbitrable because the question of whether a contract existed is an issue of law determinable only by a court. *Kilianek v. Kim*, 192 Ill. App. 3d 139, 142-43, 548 N.E.2d 598, 601 (1989). The Franchise Disclosure Act states:

> "It is unlawful for any person to offer or sell any franchise required to be registered under this Act unless the franchise has been registered under this Act or is exempt under this Act." 815 ILCS 705/5(1) (West 2002).

The Act further provides:

> "No franchisor may sell or offer to sell a franchise in this State *** unless the franchisor has registered the franchise with the Administrator ***." 815 ILCS 705/10 (West 2002).

Here, as in *Barter Exchange*, the plaintiff alleges that the defendant violated the Franchise Disclosure Act by failing to register with the state. Thus, as in *Barter Exchange*, the franchise agreement is not binding upon the plaintiff as the condition precedent of registration of the franchise was not performed or satisfied by the defendants.

Accordingly, we affirm the judgment of the circuit court.

O'MARA FROSSARD, P.J., and SMITH, J., concur.