LANDMARK AMERICAN INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant and Counterplaintiff-Appellant.

First District (3rd Division)   No. 1—93—3383

Opinion filed October 18, 1995.

John J. Foley & Associates, P.C., of Chicago (John J. Foley and Perry M. Shorris, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (Joshua G. Vincent and Adrienne I. Logan, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Defendant and counterplaintiff, Country Mutual Insurance Company, appeals from the entry of summary judgment in favor of plaintiff and counterdefendant, Landmark American Insurance Company. Defendant argues on appeal that plaintiff's insurance policy provided primary coverage for a complaint against plaintiff's insured.

Plaintiff, Landmark American Insurance Company, brought a complaint for declaratory judgment that alleged that Edward Hough

was insured under a commercial trucker's policy issued by plaintiff. The policy covered Hough's truck. On May 3, 1989, Hough leased his truck to Illinois Bulk Carriers (IBC), and Hough was involved in a collision on that date with an auto driven by Marian Solomon. IBC was insured under a commercial trucker's policy issued by defendant Country Mutual Insurance Company. Solomon filed a lawsuit against Hough for personal injuries allegedly sustained in the accident. Plaintiff defended Hough. Hough tendered the defense in October 1991 to defendant on the basis that the Country Mutual policy afforded primary coverage for the claim. Defendant refused to undertake Hough's defense on the ground that its policy provided only excess coverage for the claim. Plaintiff sought a declaration that defendant's policy afforded primary coverage to Hough and that plaintiff's policy only afforded excess coverage to Hough.

Defendant filed a counterclaim for declaratory judgment alleging that plaintiff's policy provided primary coverage while defendant's policy provided excess coverage.

Hough was listed as the "Named Insured" on plaintiff's Landmark policy. Plaintiff's policy stated that throughout the policy the word "you" referred to the named insured. The additional insured endorsement of plaintiff's policy provided:

> "It is understood and agreed the following is added as an Additional Insured but only as respects to the Named Insured's operations.
> Illinois Bulk Carriers, Inc.

* * *

> Advance premium: $150.00.

* * *

> All other terms and conditions of this policy remain unchanged."

The "other insurance" provision of plaintiff's Landmark policy stated:

> "This Coverage Form's Liability Coverage is primary for any covered 'auto' while hired or borrowed by you and used exclusively in your business as a 'trucker' and pursuant to operating rights granted to you by a public authority. This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered 'auto' while hired or borrowed from you by another 'trucker.' "

The "other insurance section" of defendant's Country Mutual policy stated:

> "This policy's liability coverage is primary for any covered 'auto' while hired or borrowed by **you** and used exclusively in **your** business as a 'trucker' and pursuant to operating rights

granted to **you** by a public authority. This policy's liability coverage is excess over any other collectible insurance for any covered 'auto' while hired or borrowed from **you** by another '**trucker.**' " (Emphasis in original.)

Plaintiff filed a motion for summary judgment and alleged that the parties did not dispute that the following facts were true at the time of the accident. Hough's truck was under lease to IBC. Hough's truck was being used exclusively in IBC's business of transporting property. Hough's truck was being driven pursuant to operating rights granted to IBC by the Illinois Commerce Commission.

Defendant filed a cross-motion for summary judgment.

The trial court found that plaintiff's policy was excess and that defendant's policy was primary. The court noted at the hearing that the additional insured endorsement in the plaintiff's policy did not change the consequences of the other insurance clause provisions. Summary judgment was entered in favor of plaintiff and against defendant.

Defendant appealed.

Defendant argues on appeal that as a consequence of the additional insured endorsement, "you" referred to both named insureds (Hough and IBC) and coverage under plaintiff's policy was therefore primary for any truck leased to IBC by Hough. Interpreting the endorsement here to provide only excess coverage rendered the endorsement meaningless and valueless. The defendant also argued that the additional insured endorsement created an ambiguity that must be strictly construed against plaintiff because it did not recite whether plaintiff was affording IBC primary or excess coverage.

■ Where there are multiple insurers, in order to find which is the primary policy and which is the excess policy, we should examine the "other insurance" clauses of the policies. *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 76, 269 N.E.2d 97, 99; *The Home Indemnity Co. v. General Accident Insurance Co. of America* (1991), 213 Ill. App. 3d 319, 322, 572 N.E.2d 962, 964.

■ We find that IBC was not covered by the second sentence of the "other insurance" provision of plaintiff's Landmark policy that stated when the policy was excess:

"This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered 'auto' while hired or borrowed *from you* by another 'trucker.' " (Emphasis added.)

In this case, IBC hired Hough's truck. Therefore, the policy issued by Landmark Insurance Company, the plaintiff in this case, was an excess coverage policy. Even if "you" refers to IBC in addition to Hough, IBC neither leased nor loaned a covered auto to another

trucker; rather, IBC leased from Hough a covered auto. Hough leased his covered auto to IBC, and therefore Hough was covered by the second sentence of the "other insurance" provision which provided excess coverage. The provision is not ambiguous. A court must give priority to the plain and ordinary meaning of the language used in a policy. (*Ansvar America Insurance Co. v. Hallberg* (1991), 209 Ill. App. 3d 206, 210, 568 N.E.2d 77, 79.) IBC's being listed as an additional insured on Hough's policy did not alter the meaning of the "other insurance" provision. That IBC may not have received any additional coverage for its being listed as an additional insured does not affect the interpretation of the provision. Plaintiff's policy provided only excess coverage for Hough.

The judgment of the trial court is affirmed.

Affirmed.

RIZZI and TULLY, JJ., concur.