AMERICAN NATIONAL BANK AND TRUST COMPANY, Plaintiff, v. ROBERT C. THOMAS *et al.*, Defendants (Grazyna M. Thomas *et al.*, Third-Party Plaintiffs-Appellants; The United States of America *et al.*, Third-Party Defendants-Appellees.

Second District    No. 2—96—0833

Opinion filed May 22, 1997.

Robert C. Thomas, of Chicago, appellant *pro se.*

James Burton Burns, United States Attorney, of Chicago, Loretta C. Argrett, Assistant United States Attorney General, and Anthony T. Sheehan and William S. Estabrook, both of Department of Justice, all of Washington, D.C., for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This action arose from a suit brought to quiet title to the beneficial interest in an Illinois land trust on which third-party defendant, the Internal Revenue Service (IRS), claims a lien for the unpaid income taxes of third-party plaintiff, Robert C. Thomas, Sr. (Thomas, Sr.). Third-party plaintiffs, Thomas, Sr., Grazyna Thomas, Robert C. Thomas, Jr., and Lynn Trotter (collectively, plaintiffs), appeal from the order of the circuit court granting the IRS' motion to dismiss for lack of jurisdiction pursuant to section 2—619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(1) (West 1994)).

On February 25, 1977, Oak Brook Bank (Bank) and Dane and Virginia Erickson established Oak Brook Bank trust No. 8—1297 (trust). The *res* of the trust was a single-family residence located in Hinsdale. The trust instrument provided:

"No assignment of any beneficial interest hereunder shall be binding on the Trustee until the original or a duplicate copy of the assignment, in the form as the Trustee may approve, is lodged with the Trustee and its acceptance indicated thereon, and the reasonable fees of the Trustee for the acceptance thereof paid; and every assignment of any beneficial interest hereunder, the original or duplicate of which shall not have been lodged with the trustee, shall be void as to all subsequent assignees or purchasers without notice."

On November 13, 1979, the Ericksons assigned the beneficial interest in the trust to Thomas, Sr., making him the sole beneficiary. The assignment was lodged with and acknowledged by the Bank on December 21, 1979. Thomas, Sr., amended the terms of the trust on January 31, 1980, to provide that the beneficial interest would vest in his children upon his death; Thomas, Sr., still retained the full power

of direction with respect to the beneficial interest. This amendment was also lodged with and acknowledged by the Bank.

On January 19, 1988, Thomas, Sr., obtained a home equity line of credit from American National Bank, which he secured by a mortgage on the *res* of the trust. The line of credit was for 5 years and renewable for a period of up to 15 years.

On April 21, 1990, Thomas, Sr., married his current wife, Grazyna, and assigned his entire beneficial interest in the trust to Grazyna and his children. The assignment form stated that an executed copy of the form should be lodged with the Bank as trustee and that the assignment was not binding on the trustee unless and until the assignment was lodged with the trustee and its acceptance was indicated thereon. The plaintiffs never presented the assignment form to the Bank for acceptance.

On August 6, 1990, and on September 10, 1990, the IRS made assessments against Thomas, Sr., for unpaid income taxes for the years 1984 and 1985. The IRS filed a lien against Thomas, Sr., on May 14, 1991, for the taxes assessed against him.

Thomas, Sr.'s home equity line of credit expired on January 19, 1993, and American National Bank refused to renew the line of credit because of the federal tax lien. Late in 1993 or early in 1994, Thomas, Sr., disclosed the existence of the trust and the assignment of his beneficial interest to his wife and children to the IRS during negotiations. The IRS served a notice of levy on Thomas, Sr., and the Bank on February 4, 1994, and served the Bank with a summons to testify and produce its records concerning the trust. On May 10, 1994, the IRS seized the beneficial interest in and power of direction of the trust.

On May 25, 1994, American National Bank instituted foreclosure proceedings against Thomas, Sr., and the Bank, seeking to foreclose its mortgage on the *res* of the trust. The next day, Grazyna and the children filed a quiet title action against the IRS, alleging that they owned the beneficial interest, which the IRS was wrongfully trying to levy. Grazyna and the children and the IRS entered an agreed order on June 2, 1994, that the IRS would not sell the beneficial interest during the pendency of the litigation and on August 12, 1994, the two cases were consolidated.

The IRS informed Grazyna and the children that it believed their state action was improper and that the only way to contest the seizure was to bring a wrongful levy action in federal court. Grazyna and the children voluntarily dismissed the quiet title action without prejudice and asked the IRS to release the levy in a letter dated October 12, 1994. The IRS denied their request on November 1, 1994, by let-

ter. The IRS' letter indicated that Grazyna and the children would have six months in which to bring suit in federal court to contest the denial of their request. They filed their wrongful levy action on June 5, 1995, and, following the IRS' motion to dismiss the action as untimely, voluntarily dismissed the action on September 8, 1995.

On August 16, 1995, the circuit court denied Grazyna and the children's motion to reinstate the quiet title suit. Instead, the court gave them leave to file a third-party complaint. On September 6, 1995, plaintiffs filed the complaint to quiet title which is at issue in this appeal.

Plaintiffs alleged in their complaint that the lien and levy against the property were invalid because the IRS failed to advertise or sell the property in a timely manner, because the IRS failed to record its lien against the property, and because the property was exempt from levy as it was Thomas, Sr.'s principal residence. Plaintiffs also alleged in the alternative that the IRS levy was wrongful because Grazyna and the children alone held the beneficial interest in the land trust and because they were not liable for Thomas, Sr.'s unpaid taxes.

The IRS made a special appearance in the circuit court in order to challenge the court's jurisdiction over plaintiff's suit to quiet title. On April 23, 1996, the IRS filed a section 2—619 motion to dismiss on the grounds that plaintiffs lacked standing to bring a quiet title suit because the transfer of the beneficial interest to them was invalid with respect to the IRS. The circuit court granted the IRS' motion to dismiss on June 17, 1996. Plaintiffs timely appealed.

■ Our review of a dismissal pursuant to section 2—619(a)(1) is *de novo*. *Village of Riverwoods v. BG Ltd. Partnership*, 276 Ill. App. 3d 720, 724 (1995). We will dismiss the complaint only if there exists no set of facts that could entitle the plaintiff to recover, and we regard all well-pleaded facts in the plaintiff's complaint as true. *Village of Riverwoods*, 276 Ill. App. 3d at 724. We may affirm the trial court's ruling on any ground supported by the record, even if it differs from the trial court's reasoning. *Shramuk v. Snyder*, 278 Ill. App. 3d 745, 748 (1996).

■ The jurisdiction of the trial court is the only matter before us on appeal as it was the basis upon which the IRS' motion to dismiss was brought. The United States, as sovereign, is immune from suit unless it consents to be sued, and this consent is a prerequisite to jurisdiction over the subject matter of the suit. *Amwest Surety Insurance Co. v. United States*, 28 F.3d 690, 694 (7th Cir. 1994). Where Congress has attached conditions to the waiver of sovereign immunity, those conditions are strictly construed. *Amwest*, 28 F.3d at 694.

We first examine whether the court has jurisdiction to hear Grazyna and the children's action to quiet title. If, as the IRS asserts, Thomas, Sr.'s assignment was ineffective, then Grazyna and the children hold no title to the beneficial interest and may not challenge the IRS' actions. If, however, the assignment was effective, as plaintiffs assert, then Grazyna and the children are still barred from pursuing the present action.

■ The only remedy Grazyna and the children are permitted to seek is through a wrongful levy action. Section 7426(a)(1) of the Internal Revenue Code provides:

> "(1) Wrongful Levy.—If a levy has been made on property ***, any person (*other than the person against whom is assessed the tax out of which such levy arose*) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States *in a district court of the United States*." (Emphasis added.) 26 U.S.C.A. § 7426(a)(1) (West 1989).

This statute does not extend the United States' waiver of sovereign immunity to state courts; the waiver extends only to federal district courts. Moreover, a wrongful levy suit is the exclusive remedy "where suit is by a nontaxpayer third party and § 7426(a)(1) applies, and the alternative basis proffered for waiver of sovereign immunity is an action to quiet title under § 2410(a)(1) [(28 U.S.C.A. § 2410(a)(1) (West 1994))]." *Fidelity & Deposit Co. v. City of Adelanto*, 87 F.3d 334, 335 (9th Cir. 1996). The instant case is exactly the situation depicted in the holding of *Fidelity & Deposit*, and, thus, the only action that may lie is a wrongful levy suit under section 7426(a)(1).

Plaintiffs assert that a quiet title suit is a proper action to challenge an IRS levy, citing to *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993). *Harrell* is distinguishable, however, because the individual bringing the action to quiet title was both the titleholder and the taxpayer. *Harrell*, 13 F.3d at 233. Here, however, the titleholders are not the taxpayers, but are third parties. *Fidelity & Deposit* is squarely in point and prohibits Grazyna and the children from bringing a quiet title action. *Fidelity & Deposit*, 87 F.3d at 335. Assuming that Grazyna and the children held the title to the beneficial interest and are not the taxpayer, they may challenge the IRS' action only through a wrongful levy suit. Accordingly, regardless of whether or not Grazyna and the children hold title to the beneficial interest, the circuit court was without jurisdiction to hear their claim. The trial court thus correctly dismissed the action with respect to Grazyna and the children.

■ We now consider whether Thomas, Sr., may maintain the ac-

tion. The IRS concedes that Thomas, Sr., is a proper party to bring a quiet title action because he is the owner of the beneficial interest. Further, *Harrell* explicitly allows the taxpayer to bring a quiet title action to challenge the IRS' lien on his property. *Harrell*, 13 F.3d at 234. As Thomas, Sr., is the taxpayer and conceded owner of the beneficial interest, he may properly bring a quiet title action pursuant to the section 2410 waiver of the government's sovereign immunity. Accordingly, we hold that the trial court erred by dismissing Thomas, Sr.'s quiet title action with prejudice. We note, parenthetically, that the action is styled as a third-party complaint and may have been properly dismissed as to its form. We direct the trial court to allow Thomas, Sr., to reinstate his quiet title action as a first-party plaintiff.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

GEIGER, P.J., and McLAREN, J., concur.