LABOR WORLD, INC., Plaintiff-Appellant, v. JUST PARTS, INC., Defendant-Appellee.

Second District   No. 2—99—1089

Opinion filed August 24, 2000.

Stephen J. Klyczek, of Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago, for appellant.

Stephen R. Swofford, Thomas H. Boswell, and Nancy G. Lischer, all of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, Labor World, Inc., appeals the trial court's order dismissing count I of its amended complaint against defendant, Just Parts, Inc. Plaintiff argues that count I contained a viable claim of breach of contract. We reverse and remand.

In count I of its amended complaint, plaintiff made the following allegations. Plaintiff was a corporation in the business of providing temporary industrial personnel. Plaintiff contracted to provide defendant with the services of Jose Sanchez. Pursuant to that contract, defendant's authorized agent signed daily "time tickets" that set out the hours Sanchez worked. Defendant's agent signed each ticket below a statement that read, "CUSTOMER AGREES TO THE TERMS ON THE REVERSE SIDE OF THIS TICKET."

On the reverse side of each ticket were a number of "TERMS AND CONDITIONS." Term No. 4 stated as follows:

> "CUSTOMER shall not employ LABOR WORLD employees to operate dangerous or unprotected machinery or equipment, or to perform any work on or using ladders or scaffolding or to perform excavation work where proper shoring and protection is not provided."

Plaintiff alleged that, in breach of term No. 4, defendant placed Sanchez in a "modified lift/basket forklift" and elevated him several feet. Sanchez fell to the ground and was seriously injured.

According to count I, Sanchez filed a workers' compensation claim against plaintiff. Plaintiff settled that claim by paying Sanchez a total of $70,151.54. Plaintiff sought to recover that sum from defendant, concluding that "Defendant breached its obligation to Plaintiff to preclude Mr. Sanchez from being in a dangerous situation, thus subjecting Plaintiff to liability."

Pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)), defendant moved to dismiss count I. Defendant asserted that plaintiff's claim of breach of term No. 4 was barred by a separate contract between the parties. According to that contract, defendant was an alternate insured under plaintiff's policy of workers' compensation insurance. Plaintiff assured defendant that its

insurance would cover any workers' compensation claim that arose while plaintiff's employee was working for defendant. Therefore, defendant argued, plaintiff's claim was precluded by the following principle:

> "When parties to a business transaction agree that insurance will be provided as a part of the bargain, the agreement must be interpreted as providing mutual exculpation to the bargaining parties. The parties are thus deemed to have agreed to look solely to the insurance in the event of loss, and not impose liability on the other." *Monical v. State Farm Insurance Co.*, 211 Ill. App. 3d 215, 223 (1991), citing *Briseno v. Chicago Union Station Co.*, 197 Ill. App. 3d 902, 905 (1990), citing *Vandygriff v. Commonwealth Edison Co.*, 87 Ill. App. 3d 374, 378 (1980).

Defendant concluded that, because plaintiff agreed to insure defendant against workers' compensation claims, plaintiff could not subject defendant to liability for Sanchez's claim.

Defendant also challenged the truth of plaintiff's allegations. Defendant asserted that Sanchez's claim was paid not by plaintiff but by plaintiff's insurance carrier. Thus, defendant maintained, plaintiff's lawsuit essentially was a subrogation claim.

In its response, plaintiff did not deny that defendant was covered by plaintiff's workers' compensation insurance. However, plaintiff argued that the parties' contract for insurance did not preclude plaintiff from recovering for defendant's breach of term No. 4. According to plaintiff, that breach of contract distinguished the present case from those upon which defendant relied.

The trial court dismissed count I with prejudice. It ruled also that its order was immediately appealable (see 155 Ill. 2d R. 304(a)). Plaintiff timely appealed.

A motion to dismiss pursuant to section 2—619 may be granted only if no material facts are in dispute and the moving party is entitled to dismissal as a matter of law. *Rochon v. Rodriguez*, 293 Ill. App. 3d 952, 958 (1997). All well-pleaded allegations in the complaint must be taken as true. *American National Bank & Trust Co. v. Thomas*, 288 Ill. App. 3d 343, 346 (1997). Our standard of review is *de novo*. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997).

In this case, we must determine the relationship between two alleged contracts. First, plaintiff alleged that there was a contract (term No. 4) that prevented defendant from employing Sanchez on a ladder or on scaffolding. Second, defendant alleged that there was a contract under which plaintiff insured defendant against workers' compensation claims. Plaintiff argues that, despite the latter contract, defendant's breach of the former contract subjects it to liability for

Sanchez's claim. Defendant responds that, despite the former contract, the latter contract requires plaintiff to seek recovery only from its insurance carrier.

When we construe contracts, our primary goal is to effectuate the parties' intentions. *Kehoe v. Commonwealth Edison Co.*, 296 Ill. App. 3d 584, 590 (1998). As it did below, defendant relies on the rule of construction expressed in *Monical, Briseno,* and *Vandygriff.* Those cases dictate that, when bargaining parties provide for insurance in their contract, they manifest an intent to look only to the insurance in the event of loss. Defendant argues that the rule requires the dismissal of plaintiff's claim, by which plaintiff seeks to recover an insured loss from defendant.

We note initially that some courts have deviated from the approach taken in *Monical, Briseno,* and *Vandygriff.* According to those courts, the mere fact that contracting parties provide for insurance does not allow the inference that they share a mutually exculpatory intent. Instead, such an intent may be discerned only if the contract actually expresses it. See *Dowling v. Otis Elevator Co.*, 192 Ill. App. 3d 1064, 1070 (1989); *Rome v. Commonwealth Edison Co.*, 81 Ill. App. 3d 776, 783 (1980).

"Courts have applied these distinct analytical approaches in diverse factual and legal contexts." *Kehoe*, 296 Ill. App. 3d at 588. In this case, however, we need not choose between them. Even if we agreed with the rule in *Monical, Briseno,* and *Vandygriff,* we could not invoke that rule to affirm the dismissal of plaintiff's claim.

As we noted, the rule in *Monical, Briseno,* and *Vandygriff* is a rule of contractual construction. It is a mechanism by which a court may infer the intent of the bargaining parties. However, because the best indication of the parties' intent is the language of the contract, that language must prevail when it conflicts with a general rule of construction. See *In re Marriage of Sweders*, 296 Ill. App. 3d 919, 922 (1998). *Monical, Briseno,* and *Vandygriff* do not hold otherwise, for to do so would subvert the primary goal of contractual interpretation. Therefore, even if we agree that, as a general matter, parties who bargain for insurance do so with a mutually exculpatory intent, we may not apply that rule when the contract expresses a contrary intent.

■ Here, the parties alleged two contracts, not one. However, contrary to defendant's suggestion, plaintiff's promise to insure defendant may not be considered in isolation. Instead, we must interpret it in light of the other contract alleged in this case, term No. 4. As our courts have long recognized:

   " 'The general rule is that in the absence of evidence of a contrary intention, where two or more instruments are executed by

the same contracting parties in the course of the same transaction, the instruments will be considered together and construed with reference to one another because they are, in the eyes of the law, one contract. \*\*\* This is true whether or not the instruments were executed simultaneously; if executed at different times as parts of the same transaction they will be construed together. [Citation.]' " *Bornstein v. First United*, 232 Ill. App. 3d 623, 628-29 (1992), quoting *Tepfer v. Deerfield Savings & Loan Ass'n*, 118 Ill. App. 3d 77, 80 (1983).

■ When these two contracts are considered together, a reasonable interpretation of the parties' intent is the following: plaintiff agreed to insure defendant against workers' compensation claims, but only as long as defendant did not endanger plaintiff's employees by employing them on ladders or on scaffolding. Thus, if plaintiff proves that defendant breached term No. 4, a finder of fact could conclude that, under those facts, the parties expressly agreed *not* to look solely to the insurance in the event of loss. In that case, *Monical, Briseno,* and *Vandygriff* would not apply, and defendant would be subject to liability for Sanchez's claim.

Because the parties' contract for insurance does not necessarily bar plaintiff's claim under term No. 4, defendant is not entitled to dismissal as a matter of law. Therefore, we reverse the trial court's order dismissing count I of plaintiff's complaint. On remand, if both of these alleged contracts are shown to exist, they must be construed together.

Defendant's alternative argument is that, in fact, plaintiff's insurance carrier, rather than plaintiff itself, is seeking recovery. Defendant contends that the insurer is "behind this litigation and is improperly attempting to manipulate the court process, hide behind the name of [plaintiff], and seek recovery against the defendant, which is its own insured." In its reply brief, plaintiff denies these assertions.

It is true that an insurer "does not have the right to manipulate an action in order to excuse itself from protecting its insureds." *Briseno*, 197 Ill. App. 3d at 906. However, defendant's argument is inappropriate at this stage of the proceedings. For the purposes of a section 2—619 motion to dismiss, we must take plaintiff's allegations as true. See *Thomas*, 288 Ill. App. 3d at 346. Plaintiff alleged that plaintiff, not plaintiff's insurance carrier, settled Sanchez's workers' compensation claim. Defendant may not obtain a section 2—619 dismissal by raising an affirmative matter that merely challenges the truth of that allegation.

For these reasons, the judgment of the circuit court of De Kalb

County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and GEIGER, JJ., concur.