FIFTH DIVISION

                                                  March 31, 2003 

1-02-1626

PEREGRINE FINANCIALS AND SECURITIES, ) Appeal from the

an Iowa Corporation, ) Circuit Court of 

) Cook County. 

)

Plaintiff-Appellee, )

)

)

v. )

)

)

FARAMARZ B. HAKAKHA, )

) Honorable

) Lee Preston,

Defendant-Appellant. ) Judge Presiding.

JUSTICE QUINN delivered the opinion of the court:

This appeal stems from an arbitration clause contained in  an agreement entered into between plaintiff Peregrine Financials and Securities (Peregrine) and defendant Faramarz Hakakha.  After a dispute arose between the parties, Peregrine filed a suit in the circuit court of Cook County seeking money damages.  Hakakha filed a motion to dismiss based on a mandatory arbitration clause in the agreement.  Peregrine subsequently sought arbitration with the National Association of Securities Dealers (NASD) and filed a motion to compel arbitration with the circuit court, which was granted in October 2001.  After the NASD ordered that the arbitration take place in California, near where Hakakha lived, Peregrine successfully petitioned the circuit court to modify its October 2001 order 
to require that the arbitration proceed in Cook County, rather than California.  In this interlocutory appeal, Hakakha contests the propriety of the trial court's order requiring that the arbitration take place in Illinois.  For the reasons set forth below, we reverse the judgment of the trial court.

BACKGROUND

In October 1999, Hakakha executed a client option agreement with Peregrine regarding brokerage services.  In the agreement, Hakakha listed his address as Encino, California.  According to the securities account and application agreement (account agreement), the parties waived their rights to seek remedies in court and agreed:

"[A]ll controversies that may arise between the parties concerning any transaction or the construction, performance, or breach of this or any other agreement between the parties pertaining to securities or other property *** shall be determined by arbitration.  Any arbitration under this Agreement shall be conducted pursuant to the [F]ederal [A]rbitration [A]ct and the laws of the State of Illinois, before the New York Stock Exchange, Inc. or any arbitration facility provided by any other exchange of which [the clearing agent] is a member, or the NASD Regulation, Inc. or the Municipal Securities Rulemaking Board and in accordance with the applicable rules of the selected organization. *** The award of the arbitrators, or of the majority of them, shall be entered in any court, state or federal, having jurisdiction."   

On March 28, 2001, Peregrine filed a complaint in the circuit court of Cook County, wherein it alleged that Hakakha had breached the account agreement.  Peregrine sought $39,504.97 in damages in addition to attorney fees and interest.  On May 14, 2001, Hakakha moved to dismiss the complaint, arguing that the trial court lacked personal jurisdiction over him
 and that, under the terms of the account agreement, the parties had agreed to submit all disputes and controversies to arbitration.  He prayed for an order dismissing Peregrine's complaint and compelling it to submit its claim to arbitration in accordance with the arbitration clause in the account agreement. 

On June 26, 2001, Peregrine filed a combined response to Hakakha's motion to dismiss and motion to compel arbitration.  Relating to its motion to compel arbitration, Peregrine asserted that pursuant to the Uniform Arbitration Act (710 ILCS 5/1 
et
 
seq
. (West 2000)), a stay in the court proceedings was appropriate because the previous day, Peregrine had commenced arbitration proceedings in the matter by filing a statement of claim with the NASD.  Relating to the motion to compel, Peregrine stated that Hakakha "has no intention of filing, moving to compel, or subjecting himself to arbitration.  [Hakakha] is trying to avoid subjecting himself to the jurisdiction of any tribunal that would grant [Peregrine] the relief to which it is entitled."  Both Peregrine's statement of claim and March 28, 2001, complaint made identical claims and sought identical relief against Hakakha.  Peregrine requested in the statement of claim that the arbitration be held in Chicago.  

In his reply in support of his motion to dismiss, Hakakha noted that Peregrine had conceded the validity of the arbitration clause and he argued that Peregrine's complaint should therefore be dismissed under section 2-619(a)(3) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2000)).   

In a letter dated August 8, 2001, to Hakakha from a legal assistant at the NASD, Hakakha was informed that he was required to execute a uniform submission agreement (submission agreement) on or before September 27, 2001.  This was necessary to show his agreement to participate in the arbitration proceedings.  The letter also stated that, "If an arbitration involves a public customer, NASD *** will generally select a hearing location closest to the customer's residence at the time the dispute arose."  The letter stated that the anticipated hearing location was Los Angeles, California.  

In a surreply filed September 4, 2001, Peregrine argued that dismissal of its complaint under section 2-619(a)(3) was not required because the likelihood it could obtain complete relief in the arbitration proceeding was dependant upon Hakakha submitting himself to the proceeding by filing a submission agreement with the NASD, which he had failed to do.

On October 2, 2001, the trial court entered a written order denying Hakakha's motion to dismiss.  Finding that both parties had conceded the validity of the arbitration clause contained in the account agreement, the trial court granted Peregrine's motion to compel arbitration.

Although a receipt stamp was not affixed to Hakakha's  submission agreement, the document was signed by him on September 28, 2001. After the NASD had selected Los Angeles as the site of the arbitration, Peregrine filed a motion to change venue.  In a letter dated December 6, 2001, the NASD informed the parties that it had granted "Respondents" motion to change venue and that the venue of the arbitration had been changed to Chicago.  However, Hakakha, rather than Peregrine, was the respondent in the arbitration proceedings.  After Hakakha filed a motion to reconsider the venue change, the NASD reinstated its original decision to hold the arbitration in Los Angeles. 

On February 26, 2002, Peregrine filed an emergency motion for clarification of the trial court's October 2, 2001, order.  In the motion, Peregrine argued that after the trial court had entered the October 2 order, Hakakha finally submitted to the NASD arbitration by filing the submission agreement.  Citing section 4 of the Federal Arbitration Act (9 U.S.C. §4 (2000)), which allows a court to compel arbitration upon motion of a party, Peregrine requested that the trial court enter an order 
nunc
 
pro
 
tunc
 directing that the arbitration between the parties addressed in the October 2, 2001, order be held in Cook County.

Hakakha argued before the trial court that it should deny Peregrine's emergency motion because section 4 of the Federal Arbitration Act had no application to the motions to compel or the court's October 2, 2001, order.  Hakakha asserted that the emergency motion was an attempt on Peregrine's part to improperly circumvent the policies and procedures of the NASD, which had the authority to select the venue of the pending arbitration.  

On May 9, 2001, the trial court entered an order granting Peregrine's motion for clarification.  In its order, the trial court initially looked to section 4 of the Federal Arbitration Act, which provides that where there is an agreement to arbitrate, "hearings and proceedings *** shall be within the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. §4 (2000).  The trial court acknowledged that under the Uniform Arbitration Act, when an arbitration agreement does not provide a location for the arbitration, then the location chosen by the arbitration association is binding on the parties.  See 
Chicago Southshore & South Bend R.R. v. Northern Indiana Commuter Transportation District
, 184 Ill. 2d 151, 156 (1998).  The trial court concluded that because the account agreement referred to both the Federal Arbitration Act and the Uniform Arbitration Act and interstate commerce was involved, the Federal Arbitration Act governed the arbitration.  See 
Aste v. Metropolitan Life Insurance Co.
, 312 Ill. App. 3d 972, 975 (2000).  In reliance upon section 4 of the Federal Arbitration Act, the trial court stated that it was clarifying its October 2, 2001, order 
nunc
 
pro
 
tunc
, by directing that the arbitration between the parties be held in Cook County, the district where the motion to compel arbitration was filed. 

The trial court subsequently denied Hakakha's motion for reconsideration.  He now appeals pursuant to Supreme Court Rule 307(a)(1).  155 Ill. 2d R. 307(a)(1).

ANALYSIS

Hakakha contends that the trial court erred in ordering that the arbitration between himself and Peregrine must be held in Cook County, rather than Los Angeles, the location chosen by the NASD. 

The instant case is before us as an interlocutory appeal.  Normally, such appeals are reviewed under an abuse of discretion standard to determine whether the trial court was correct in granting or denying the relief requested.  
Feldheim v. Sims
, 326 Ill. App. 3d 302, 308 (2001).  "A motion to compel arbitration is a prayer for injunctive relief that is treated similarly to a preliminary injunction or a restraining order, and the grant or denial of such motion is reviewable as an interlocutory appeal, subject to an abuse of discretion standard of review."  
Feldheim
, 326 Ill. App. 3d at 308-09.  However, here, the trial court's order mandating that the arbitration be held in Cook County was made in the absence of any findings as to factual issues.  Rather, the trial court's ruling was based upon its conclusion that, as a matter of law, section 4 of the Federal Arbitration Act required that the arbitration be held in Cook County.  Because this ruling was clearly one of law, and the relevant underlying facts are not in dispute, a 
de
 
novo
 standard of review is appropriate.  See 
Federal Signal Corp. v. SLC Technologies, Inc.
, 318 Ill. App. 3d 1101, 1105-06 (2001). 

Hakakha first argues that section 4 of the Federal Arbitration Act has no application in this case.  He asserts that Peregrine's motion to compel arbitration was brought solely pursuant to the Uniform Arbitration Act and not under the federal act.  Hakakha advances that section 4 only protects a "party aggrieved by the alleged failure, neglect or refusal of another to arbitrate," and because he never refused to arbitrate, the section is not applicable.  Peregrine responds that the Federal Arbitration Act controls because the account agreement provides that "any arbitration between the parties shall be conducted pursuant to the [F]ederal [A]rbitration [A]ct."  Peregrine also claims it made good-faith allegations regarding Hakakha's refusal to arbitrate when it alleged in its motion to compel arbitration that Hakakha had "no intention of filing, moving to compel, or subjecting himself to arbitration."  

We find that section 4 of the Federal Arbitration Act did not give the circuit court authority to change the venue of the arbitration.  The United States Supreme Court has stated that, "An indispensable element of [a] cause of action under § 4 for an arbitration order is [a party's] refusal to arbitrate."  
Moses H. Cone Memorial Hospital v. Mercury Construction Corp.
, 460 U.S. 1, 21, 74 L. Ed. 2d 765, 783, 103 S. Ct. 927, 939 (1983).  Peregrine filed its motion to compel arbitration on June 26, 2001.  Only one day prior, it had filed its statement of claim with the NASD.  At that point, there had been no indication that Hakakha had refused to arbitrate.  To the contrary, he had shown his willingness to arbitrate as early as May 9, 2001, by moving to compel arbitration in his motion to dismiss.  Furthermore, on the date Peregrine moved to compel arbitration, Hakakha had not been given an opportunity to file his submission agreement.  In fact, the NASD did not even request that he file the document prior to September 27, 2001.  We recognize that Hakakha's submission agreement was dated September 28, 2001, a day after it was originally due; however, we do not find that to be a sufficient basis for finding a refusal to arbitrate where he had previously indicated the contrary and the document was accepted by the NASD. 

Additionally, given that Hakakha clearly evidenced an intent to participate and did participate in the arbitration proceedings, we reject Peregrine's claim that because it alleged his unwillingness to arbitrate, the mere allegation was sufficient to invoke the provisions of section 4.  By the time Peregrine had made these allegations in its June 26, 2001, motion, Hakakha had already moved in the trial court to compel arbitration.  Thus, we find that although the account agreement provided that the arbitration was to be conducted pursuant to federal arbitration law, because Hakakha willingly participated in the arbitration proceedings, section 4 of the Federal Arbitration Act could not be invoked as a means for the trial court to require the arbitration to be held in Cook County.

Hakakha also asserts that the trial court's order that the arbitration be held in Cook County was in error because the ruling improperly altered the agreement between the parties.  He directs us to the submission agreement, which is signed by all parties to NASD arbitrations, including the parties before this court, and provides that the arbitration hearing "shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s)."

Both of the parties direct us to the case of 
Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer
, 49 F.3d 323 (7th Cir. 1995), where, as here, the account agreement between a brokerage firm and its customer provided that all controversies were to be decided by arbitration conducted by a list of arbitration agencies, including the NASD.  In March 1993, the customers filed a complaint against the brokerage firm with the NASD and requested a hearing in Florida, where they had relocated.  In August 1993, after the brokerage firm consented to arbitration and requested Chicago as the site of the arbitration, the NASD selected Tampa, Florida, as the arbitration location and set a hearing date in March 1994.  In January 1994, the brokerage firm filed an action in the district court for the Northern District of Illinois seeking to compel arbitration in Illinois.  In doing so, the brokerage firm relied upon section 4 of the Federal Arbitration Act, which provides in relevant part:

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 *** for an order that such arbitration proceed in the manner provided for in such agreement ***.  The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. §4 (2000).

The brokerage firm relied on this language in arguing to the district court that, because the firm had filed a motion to compel arbitration in the district court for the Northern District of Illinois, the district court was obligated to order arbitration in this forum.  The district court rejected the brokerage firm's argument, holding that it had no power to contravene the forum selection clause in the account agreement.  

The Seventh Circuit first noted that "the directive of §4 is mandatory.  It clearly requires a geographic link between the site of the arbitration and the district which, by compelling arbitration or directing its scope, exercises preliminary control."  
Lauer
, 49 F.3d at 327.  The brokerage firm argued on appeal that the forum selection clause did not actually specify Florida as the hearing site, it merely offered the customers a choice of arbitrators, who would then select the site.  The Seventh Circuit rejected this argument, saying, "[t]he Lauers chose the NASD; the NASD chose Tampa.  District Judge Shadur concluded that this forum selection prevented him from compelling arbitration in Illinois.  We agree with his conclusion."  
Lauer
, 49 F.3d at 330.

We find the 
Lauer
 case directly on point.  Here, pursuant to the account agreement, Peregrine filed its petition for arbitration with the NASD.  According to the relevant rules of the NASD, the director of arbitration was empowered to select the site of the arbitration, which is generally a location nearest to the customer.  In accordance with that practice, the NASD selected Los Angeles as the location for the arbitration.  Because Los Angeles was the site selected by the NASD for the arbitration, the circuit court of Cook County was clearly without authority to order that the arbitration take place in Illinois. 

We acknowledge that in 
Lauer
, the motion to compel arbitration was filed five months after the arbitration site had been selected and in the instant case, Peregrine's motion to compel was filed before an arbitration site had been selected.  However, Peregrine's initial suit was filed before Peregrine had sought to invoke the arbitration clause in the account agreement.  Neither this premature filing, expressly prohibited by the account agreement, nor Peregrine's subsequent motion to compel arbitration, which was filed after Hakakha's motion to compel arbitration, provided a basis for Peregrine to invoke section 4 of the Federal Arbitration Act.  To hold otherwise would allow any party to an arbitration agreement to race to the courthouse in a convenient forum in derogation of the agreement's forum selection clause.

Peregrine makes much of the fact that at one point the arbitration was scheduled to proceed in Chicago and that the NASD only "generally" selects a location nearest to the customer.  Initially, it appears that the only reason the arbitration was ever scheduled to take place in Chicago is because the NASD was under the mistaken belief that Hakakha had requested the change.  Upon realizing that he had not requested the change, the NASD reinstated Los Angeles, its original choice, as the site of the arbitration.  Also, while Peregrine is correct that the NASD generally, rather than always, selects the location nearest the customer as the site of arbitration, that does not alter the fact that the NASD had the authority to select the location of the arbitration and did just that. 

Hakakha makes a series of other arguments in support of his contention that the trial court erred in ordering that the arbitration be held in Cook County.  Based upon our disposition of this case, we need not address his remaining arguments in support of reversal.  See 
Regala v. Rush North Shore Medical Center
, 323 Ill. App. 3d 579, 586 (2001).  

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

CAMPBELL, P.J., and REID, J., concur.