NADEJDA VASSILKOVSKA, Plaintiff-Appellee, v. WOODFIELD NISSAN, INC., Defendant-Appellant.

First District (2nd Division) No. 1—03—1559

Opinion filed July 27, 2004.—Rehearing denied September 14, 2004.

Swanson, Martin & Bell, of Lisle (Bruce S. Terlep and Christian A. Sullivan, of counsel), for appellant.

Krohn & Moss, Ltd., of Chicago (Larry P. Smith, of counsel), for appellee.

JUSTICE GARCIA delivered the opinion of the court.

This interlocutory appeal stems from the trial court's denial of the defendant's, Woodfield Nissan, Inc. (Woodfield), motion to dismiss and compel arbitration. In July 2002, the plaintiff, Nadejda Vassilkovska, purchased a used automobile from Woodfield. In addition to the sales contract, the plaintiff signed an arbitration agreement (Arbitration Agreement). In February 2003, the plaintiff filed a four-count complaint against Woodfield. In April 2003, Woodfield filed a motion to dismiss and compel arbitration. In May 2003, the trial court heard arguments on Woodfield's motion and denied it. This interlocutory appeal followed with Woodfield seeking reversal of the trial court's May 2003 order denying Woodfield's motion to compel arbitration.

## BACKGROUND

In July 2002, the plaintiff purchased a used 2000 Nissan Sentra from Woodfield. The purchase contract, signed by both parties, indicated an "unpaid balance" of $4,598.44. The plaintiff also signed an Arbitration Agreement. In pertinent part the parties' Arbitration Agreement stated:

> "That in consideration for your agreement to this Arbitration Agreement, we hereby waive any and all rights to pursue any legal action in a court of law, with the exception of those actions specifically excluded herein. ***
>
> A 'Dispute' is any controversy or claim (other than: a claim relat-

ing to the buyer's failure to pay an agreed upon down payment or failure to pay any amount due pursuant to a promissory note executed in lieu of a cash down payment: as to the issuance, by buyer, of a check which is not honored by the buyer's bank; a buyer's failure to provide good title to a trade-in vehicle; a misrepresentation, by buyer, concerning the amount remaining due on any loan concerning a trade-in vehicle; any claim relating to the possession, repossession or replevin of the vehicle; or relating to actions to enforce any Retail Installment Contract executed by you in connection with the purchase of the vehicle) arising from or relating to the vehicle you have purchased from us on the date shown above. *** The term 'dispute' also includes any questions regarding whether a matter is subject to arbitration under this Arbitration Agreement."

Basically, in the parties' Arbitration Agreement the plaintiff agreed to waive her right to pursue any cause of action, related to the sales transaction for the car, in a court of law. In turn, Woodfield agreed to waive all rights to pursue any legal action in a court of law, except for the following enumerated claims: (1) the plaintiff's failure to pay according to the purchase contract; (2) the plaintiff's check not being honored by her bank; (3) the plaintiff's failure to provide good title on a trade-in vehicle; (4) the plaintiff's misrepresentation concerning the loan amount due on any trade-in vehicle; (5) any claim relating to possession, repossession, or replevin of the automobile; and (6) any action to enforce any retail installment contract executed by the purchaser.

Sometime later, the plaintiff received a financing agreement from her lender that indicated an unpaid balance of $7,235.12 on her vehicle. The plaintiff noticed a $2,636.68 discrepancy between the "amount due" on the purchase contract and on the financing agreement. In February 2003, the plaintiff filed a four-count complaint against Woodfield alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) (West 2000)), common law fraud, a violation of the Truth in Lending Act (15 U.S.C. § 1601(a) (2000)), and a violation of the Credit Services Organizations Act (815 ILCS 605/1 *et seq.* (West 2000)). According to the plaintiff's complaint, her allegations of fraud stemmed from Woodfield's misrepresentations "regarding the price of the Sentra and the costs of financing the vehicle." The plaintiff's complaint specifically alleged:

"6. Defendant represented to plaintiff that financing was approved such that there existed an outstanding balance of $4,598.41 to be paid over three (3) years at $154.00 per month.

7. Defendant misrepresented, omitted or otherwise concealed that:

a. The outstanding balance on the financing agreement was $7,235.12

b. The balance was to be paid over five (5) years."

Woodfield filed a motion to dismiss and compel arbitration arguing that the Cook County circuit court was the improper venue for the complaint pursuant to the parties' Arbitration Agreement.

The plaintiff responded to Woodfield's motion by emphasizing several facts. Specifically, the plaintiff was looking to purchase a vehicle, she told the sales person her spending limit was between $5,000 and $7,000, the sales person showed her a $9,000 automobile, and he convinced her to attempt financing to afford the vehicle. Plaintiff alleged that after being convinced to purchase the vehicle, she was given a contract with an "unpaid balance" of $4,598.41 and the sales person told her she would pay $154 per month for three years. However, when she received a payment book from the lender, the unpaid loan balance was shown as $7,235.12 with payments spanning five years. The plaintiff argued that (1) the Arbitration Agreement should not be enforced because she was seeking rescission of the entire sales contract, including the Arbitration Agreement; (2) there was a lack of consideration supporting the Arbitration Agreement; and (3) Woodfield's attempt to defeat the plaintiff's substantive rights under the consumer fraud act was unconscionable and against public policy.

Woodfield responded to the plaintiff's arguments by noting that the parties' Arbitration Agreement specifically allowed an arbitrator to decide if a controversy was subject to the Arbitration Agreement. Also, Woodfield argued, as subsequently stated in its brief before this court, that "it has agreed to arbitrate any and all claims that the plaintiff could bring. In so agreeing, [it] agreed to forbear its right to seek judicial review of those issues." Finally, Woodfield argued the Arbitration Agreement did not violate public policy because similar arbitration agreements had been upheld.

In May 2003, the trial court heard oral argument on Woodfield's motion. Although Woodfield asserts the trial court denied its motion based on the plaintiff's argument that the Arbitration Agreement was "unconscionable," we have found no record of that reasoning in the trial court's order. This interlocutory appeal followed pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)).

### ANALYSIS

### I. Standard Of Review

We first note that the parties disagree regarding the standard of review applicable to this case. Woodfield contends we should use a *de*

*novo* standard of review because the question is one of law, as the only determination relevant to this case is "whether sufficient consideration exists for the agreement to arbitrate, as the parties have agreed that all other issues are to be determined by an independent arbitrator." The plaintiff argues that in reviewing a trial court's decision granting or denying a motion to compel arbitration, an abuse of discretion standard is appropriate.

Generally, interlocutory appeals "are reviewed under an abuse of discretion standard to determine whether the trial court was correct in granting or denying the relief requested." *Peregrine Financials & Securities v. Hakakha*, 338 Ill. App. 3d 197, 202, 788 N.E.2d 263 (2003). However, where a trial court makes no factual findings and its decision was based on a purely legal analysis, we review its denial of a motion to compel arbitration *de novo*. *Hutcherson v. Sears Roebuck & Co.*, 342 Ill. App. 3d 109, 115, 793 N.E.2d 886 (2003).

■ Our review of the record reveals that the trial court's denial of Woodfield's motion was made in the absence of any findings as to any factual issues. In this case, the trial court heard oral argument on Woodfield's motion to dismiss and compel arbitration; however, the trial court did not hold an evidentiary hearing. Also, there is no transcript of the proceeding before the trial court. Moreover, the trial court's order denying Woodfield's motion does not contain the reason for its denial but instead merely states, "Defendant's Motion to Compel Arbitration pursuant to the [arbitration] agreement is denied." Thus, we review the trial court's denial of Woodfield's motion to dismiss and compel arbitration *de novo*. See *Peregrine*, 338 Ill. App. 3d at 202 (where a trial court's ruling was one of law, a *de novo* standard of review is appropriate).

## II. Arbitration Agreement

As noted above, Woodfield contends the question we must answer is "whether sufficient consideration exists for the [parties'] agreement to arbitrate." Implicit in this question is the notion that the Arbitration Agreement required consideration because it is separate and distinct from the purchase contract entered into by the parties. We agree. Specifically, the parties' Arbitration Agreement states, "[t]his Arbitration Agreement shall, with respect to such dispute, survive the termination or expiration of any purchase order and/or bill of sale, or any retail installment contract executed at the time the vehicle is purchased." Thus, the parties' Arbitration Agreement contains specific survival language separate and apart from either the purchase order or the retail installment contract and is a contract in its own right. *Labor World, Inc. v. Just Parts, Inc.*, 315 Ill. App. 3d 903, 906, 735

N.E.2d 149 (2000) ("[w]hen we construe contracts, our primary goal is to effectuate the parties' intentions").

The parties' Arbitration Agreement states that the transaction it relates to "shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and the Uniform Arbitration Act, 710 ILCS 5/1 *et seq.*" Section 2 of the Federal Arbitration Act (FAA) provides that an agreement to arbitrate in a contract evidencing a commercial transaction " 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' " *Hutcherson*, 342 Ill. App. 3d at 115, quoting 9 U.S.C.A. § 2 (West 1999). "Section 2 of the FAA 'is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.' " *Rosen v. SCIL, LLC*, 343 Ill. App. 3d 1075, 1080, 799 N.E.2d 488 (2003), quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 74 L. Ed. 2d 765, 785, 103 S. Ct. 927, 941 (1983).

■ Therefore, "[w]hen deciding whether there is a valid agreement to arbitrate, 'courts generally *** should apply ordinary state-law principles that govern the formation of contracts.' " *Hutcherson*, 342 Ill. App. 3d at 116, quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 131 L. Ed. 2d 985, 993, 115 S. Ct. 1920, 1924 (1995). Because we focus primarily on whether there was consideration for the parties' Arbitration Agreement, the parties' Arbitration Agreement is governed by Illinois contract construction principles.

## III. Consideration

The parties disagree as to the issue before us. However, as previously noted, Woodfield contends the sole question is "whether sufficient consideration exists for the [parties'] agreement to arbitrate." We agree and find it is only necessary for us to determine whether sufficient consideration exists to support the parties' Arbitration Agreement. If there was sufficient consideration, then the parties' Arbitration Agreement may be a valid contract; however, if consideration is lacking, the Arbitration Agreement is not a valid contract.

Woodfield contends that the parties' Arbitration Agreement allows an arbitrator to decide "any question regarding whether a matter is subject to arbitration." To support this contention, Woodfield relies on *Cusamano v. Norrell Health Care, Inc.*, 239 Ill. App. 3d 648, 607 N.E.2d 246 (1992). Conversely, the plaintiff argues that "the threshold question of whether an Arbitration Agreement even exists is never for the arbitrator—it is always a matter for the court." To support its argument the plaintiff cites *Barter Exchange, Inc. of Chicago v. Barter Exchange, Inc.*, 238 Ill. App. 3d 187, 606 N.E.2d 186 (1992).

■ Although *Barter Exchange* has been rejected by the *Cusamano* court and by the Appellate Court, Fifth District in *Jacob v. C&M Video, Inc.*, 248 Ill. App. 3d 654, 618 N.E.2d 1267 (1993), "we find [the] decision in *Barter Exchange* to be well-founded and we decline to follow [the *Cusamano* and *Jacob*] decisions." *Jensen v. Quik International*, 345 Ill. App. 3d 713, 715, 801 N.E.2d 1124 (2003). The court in *Barter Exchange* held that "[t]he issue of whether the parties have entered into an enforceable contract is not arbitrable because the question of whether a contract existed is an issue of law determinable only by a court." *Barter Exchange*, 238 Ill. App. 3d at 192; see *Abrams v. Awotin*, 388 Ill. 42, 47, 57 N.E.2d 464 (1944) ("[t]he question of whether there is consideration, or, conversely, no consideration, for an agreement, is *** a question of law"). Therefore we, and not an arbitrator, must decide if the parties' Arbitration Agreement was supported by consideration.

Woodfield contends that the parties' Arbitration Agreement was supported by consideration and argues its retention of certain rights does not invalidate that consideration. Woodfield's "Reply In Support Of Motion to Compel Arbitration" stated:

> "The opinion in *Bishop [v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 738 N.E.2d 610 (2000)], fully supports the notion that mutuality of consideration exists for the underlying arbitration agreement. Woodfield Nissan has agreed to arbitrate any and all claims that the plaintiff could bring. In so agreeing, Woodfield Nissan agreed to forbear its right to seek judicial review of those issues. Thus, as a matter of law, there was mutuality of consideration."

However, the plaintiff contends that Woodfield's promise to arbitrate was "illusory" and there was no consideration because Woodfield "made sure that as to every conceivable right that it might want to press, the arbitration provision did not stand as a bar to [Woodfield's] going to court." We agree.

■ "Consideration is defined as the bargained-for exchange of promises or performances and may consist of a promise, an act[,] or a forbearance." *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1198, 738 N.E.2d 610 (2000), citing Restatement (Second) of Contracts § 71 (1981). "While consideration is essential to the validity of a contract, mutuality of obligation is not. Where there is no other consideration for a contract[,] the mutual promises of the parties constitute the consideration, and these promises must be binding on both parties or the contract falls for want of consideration, but where there is any other consideration for the contract[,] mutuality of obligation is not essential." *Armstrong Paint & Varnish Works v. Continental*

*Can Co.*, 301 Ill. 102, 108, 133 N.E. 711 (1921). It has been surmised that the Illinois Supreme Court would not invalidate an arbitration clause compelling one party to submit all disputes to arbitration but allowing the other party the choice of arbitration or litigation, so long as the contract is otherwise supported by consideration. *Design Benefit Plans, Inc. v. Enright*, 940 F. Supp. 200 (N.D. Ill. 1996); see *Bishop*, 316 Ill. App. 3d at 1198. We agree that a mutual promise to arbitrate is sufficient consideration to support an arbitration agreement. However, a promise to arbitrate that allows one party a blanket exemption from arbitration, as is present in the case *sub judice*, must be supported by some other consideration besides the illusory promise to arbitrate.

We find that at the time the Arbitration Agreement was signed, there was no consideration between the parties. Although both parties signed the Arbitration Agreement in which they "waive[d] all rights to pursue any legal action in a court of law," Woodfield exempted itself from arbitration by specifically securing its right to seek assistance in a court of law for a host of issues, primarily those dealing with the recoupment of money from the plaintiff. Specifically, Woodfield retained the right to pursue the following claims: (1) the plaintiff's failure to pay according to the purchase contract; (2) a check's not being honored by the plaintiff's bank; (3) the plaintiff's failure to provide good title on a trade-in vehicle; (4) the plaintiff's misrepresentation concerning the loan amount due on any trade-in vehicle; (5) any claim relating to possession, repossession, or replevin of the automobile; and (6) any action to enforce any retail installment contract executed by the purchaser. We agree with Woodfield that, "[u]nder both Illinois and federal law, a mutual promise to arbitrate is sufficient consideration to support an arbitration agreement." *Aste v. Metropolitan Life Insurance Co.*, 312 Ill. App. 3d 972, 976, 728 N.E.2d 629 (2000). However, in this case Woodfield was bound by no portion of the parties' Arbitration Agreement. See *Hull v. Norcom, Inc.*, 750 F.2d 1547 (11th Cir. 1985) (mutual agreement to arbitrate abrogated by provisions granting one party a unilateral right to a judicial forum in the event of a breach of the agreement).

■ When Woodfield was asked by the court during oral argument to specify a claim that would not be exempted from the parties' Arbitration Agreement and that could constitute consideration, Woodfield suggested any claims other than those related to the purchase of the vehicle would be subject to arbitration. Woodfield also suggested that as to claims the plaintiff may bring against it in arbitration, Woodfield gave up its right to defend or to litigate those claims in the circuit court. Specifically, Woodfield's "Reply in Support of Motion to

Compel Arbitration" stated, "[i]n so agreeing [to arbitrate any claims brought by the plaintiff], Woodfield Nissan agreed to forbear its right to seek judicial review of those issues." While we agree with Woodfield that "parties do not have to agree to identical obligations to nonetheless have a valid and enforceable arbitration agreement," in this case, Woodfield's promise to arbitrate was an empty one because Woodfield completely exempted issues that could arise from its sale of the automobile to the plaintiff. Effectively, in its Arbitration Agreement with the plaintiff, Woodfield enumerated all the reasons it would have to sue the plaintiff and, thus, exempted itself from the parties' Arbitration Agreement. What claims, other than those related to the purchase of the plaintiff's vehicle, would Woodfield pursue? We can think of no specific claim and Woodfield was unable to provide us with a viable example, either in its brief or during questioning in oral argument, of a claim that it would be compelled to submit to arbitration pursuant to the Arbitration Agreement. Therefore, we find that there was no consideration on the part of Woodfield to support the plaintiff's promise to arbitrate and "waive any and all rights to pursue any legal action in a court of law."

In reaching our conclusion, we note that the cases relied upon by Woodfield present very different arbitration agreements than that at issue in this case. For instance, in *Bishop*, a mutual promise to arbitrate was found to be sufficient consideration to support the parties' Arbitration Agreement, and "[t]he fact that the parties agreed to allow [the defendant] to litigate any breach of the sublease is not itself fatal since the parties do not have to agree to identical obligations." *Bishop*, 316 Ill. App. 3d at 1198. In *Bishop*, both parties were bound by their arbitration agreement except in the limited circumstance regarding the sublease. However, in the case *sub judice*, Woodfield was exempted from the parties' Arbitration Agreement for a plethora of reasons. Similarly, in *Aste*, 312 Ill. App. 3d at 976, the parties' mutual promise to arbitrate was found to be sufficient consideration to support the parties' arbitration agreement where "the parties agreed to arbitrate any disputes arising out of transactions between them." Although the language in *Aste* is mimicked in the parties' Arbitration Agreement, in *Aste* there were no causes of action exempted from the arbitration proceedings. Finally, in *Browne v. Kline Tysons Imports, Inc.*, 190 F. Supp. 2d 827, 829 (E.D. Va. 2002), the court found arbitration language whereby both parties "knowingly waived their right to a judge or jury trial," to mandate the parties' dispute be sent to arbitration. In *Browne*, unlike the case before us, there was no discussion regarding what causes of action, if any, were excluded from the parties arbitration agreement.

In its motion citing supplemental authority to this court, Woodfield provides citation to *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 808 N.E.2d 957 (2004), and states "[t]he Illinois Supreme Court has recently ruled that another consumer protection statute \*\*\* does not prohibit binding arbitration agreements." We have no disagreement with that statement. However, the issue in this case is not whether Woodfield, as part of its sales transactions, could present binding arbitration agreements to its customers. Instead, this case is about, in Woodfield's own terms, "whether sufficient consideration exists for the [parties'] agreement to arbitrate." We answer that question in the negative.

We find Woodfield's retention of the right to litigate all possible causes of actions against the plaintiff to have invalidated the parties' consideration that was purportedly present in the opening clause of their Arbitration Agreement. In effect, Woodfield failed to provide sufficient consideration to support the parties' Arbitration Agreement. Moreover, Woodfield's argument to the trial court that it would agree to a unilateral modification of the parties' Arbitration Agreement, *i.e.*, to "forbear" its right to seek a judicial remedy in claims against the plaintiff, carries no weight as that agreement was not in place at the time the Arbitration Agreement was signed by the parties. *Doyle v. Holy Cross Hospital*, 289 Ill. App. 3d 75, 79, 682 N.E.2d 68 (1997) (although contract principles allow parties to modify their contract and consideration is usually found to exist where the obligations of both parties are varied, "[a] modification solely for the benefit of one of the parties is unenforceable"). Therefore, we affirm the trial court's denial of Woodfield's motion to dismiss and compel arbitration.

## CONCLUSION

For the foregoing reasons, the trial court's denial of Woodfield's motion to dismiss and compel arbitration is affirmed.

Order affirmed.

WOLFSON, P.J., and BURKE, J., concur.