**Juan L. GONZALEZ and Claudia Gonzalez, Plaintiffs,**

v.

**WEST SUBURBAN IMPORTS, INC., Defendant.**

No. 05 C 4974.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 1, 2006.

Keith James Keogh, Law Offices of Keith J. Keogh, Chicago, IL, for Plaintiffs.

Jason John Friedl, Purcell & Wardrope, Chtd., Chicago, IL, for Defendant.

## ORDER

LEINENWEBER, District Judge.

### I. BACKGROUND

Plaintiffs Juan L. Gonzalez and Claudia Gonzalez (hereinafter, "Plaintiffs") have asserted claims against Defendant West Suburban Imports, Inc. (hereinafter, "Defendant"), an auto dealership, under the Truth in Lending Act, 15, U.S.C. § 1601, et. seq., and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505, et seq., in connection with their purchase of a Jeep Liberty automobile from Defendant in June 2003.

Plaintiffs allege that they were defrauded when Defendant purportedly overcharged them by doubling the remaining balance from their trade-in vehicle, once by increasing the sale price of their new vehicle by the outstanding balance from the trade-in, and again by adding the same amount as a line item to the grand total.

Defendant has moved to dismiss the complaint or, alternatively, to stay the case pending binding arbitration, which it claims is mandatory pursuant to an Arbitration Agreement (the "Agreement") executed by the parties at the time of the purchase. The Agreement requires that the parties submit any claims arising out of the transaction, with the exception of certain claims against the buyer, to binding arbitration before the Better Business Bureau, and Defendant contends that Plaintiffs' claims fall within the scope of the Agreement. Although Defendant's motion is styled in the alternative, the substantive relief it seeks is for the Court to enforce the Agreement and compel Plaintiffs to submit their claims to binding arbitration.

### II. DISCUSSION

■ An agreement to arbitrate is treated like any other contract, and courts generally apply state-law principles governing contract formation when deciding whether there is a valid agreement to arbitrate. *Vassilkovska v. Woodfield Nissan, Inc.,* 358 Ill.App.3d 20, 294 Ill.Dec. 207, 830 N.E.2d 619, 623–24 (2005). The parties agree that Illinois law would apply here, as the transaction and all related events occurred in Illinois. *See Koveleskie v. SBC Capital Markets, Inc.,* 167 F.3d 361, 367 (7th Cir.1999).

In opposition to Defendant's motion, Plaintiffs argue that the Agreement is unenforceable because there is no mutual obligation to arbitrate claims. Plaintiffs point to the language of the Agreement itself, which includes an exception so broad that it exempts from arbitration nearly

every claim that could be brought by Defendant against Plaintiffs. Therefore, according to Plaintiffs, without the requisite mutual obligations to arbitrate, the Agreement is illusory and unenforceable.

Defendant argues in response that the Agreement is not a stand-alone contract, but part of a series of agreements that together constitute the vehicle purchase transaction. As such, there exists sufficient consideration because Defendant would not have sold the car without an executed arbitration agreement. Nevertheless, Defendant also contends that, even if construed as a stand-alone contract, the Agreement contains sufficient consideration on its own because it does not exempt every claim that could be brought by Defendant against Plaintiff.

The Court finds that although the Agreement purports to bind both parties to arbitrate disputes arising out of the transaction, the exceptions listed within the definition of "dispute" leaves no claim that Defendant would be required to submit to arbitration. Thus, without the requisite mutual obligation to arbitrate, the agreement lacks consideration and is unenforceable. The pertinent section of the Agreement reads:

> A "dispute" is any controversy or claim (other than: a claim relating to the buyer's failure to pay an agreed upon down payment or failure to pay any amount due pursuant to a promissory note executed in lieu of a cash down payment; as to the issuance, by buyer, of a check which is not honored by the buyer's bank; a buyer's failure to provide good title to a trade-in vehicle; a misrepresentation, by buyer, concerning the amount remaining due on any loan concerning a trade-in vehicle; any claim relating to the possession, repossession or replevin of the vehicle; or relating to actions to enforce any Retail Installment Contract executed by you in connection with the purchase of the vehicle) arising from or relating to the vehicle you have purchased form us on the date shown above.

(Def.Mem., Exh. B.)

■ The express language of the Agreement makes clear that it is intended to require Plaintiffs to arbitrate any claims that they could assert against Defendant, but it imposes no such reciprocal obligation upon Defendant. Illusory promises of this sort are plainly unenforceable because a party has not obligated itself to do anything. *See Lopez v. Plaza Finance Co.*, No. 95 C 7567, 1996 WL 210073, *4 (N.D.Ill.1996)("Under Illinois law, mutuality of obligation requires that either both parties be bound, or neither be bound.") (citing *Carrico v. Delp*, 141 Ill.App.3d 684, 95 Ill.Dec. 880, 490 N.E.2d 972, 974 (1986)); *Vassilkovska*, 294 Ill.Dec. 207, 830 N.E.2d at 625.

In *Vassilkovska*, the Illinois appellate court examined an arbitration agreement as part of a vehicle purchase that contained identical language to the Agreement at issue here. The court found that the unlimited scope of the claims excepted from arbitration in favor of the defendant dealership rendered the promise to arbitrate illusory. The court noted that where an arbitration agreement purports to bind each party, "but subsequently creates a total exclusion of one party's obligation to arbitrate, the obligation to arbitrate is illusory and unenforceable." *Vassilkovska*, 294 Ill.Dec. 207, 830 N.E.2d at 626.

Moreover, Defendant's argument that consideration exists because the Agreement is part of a "deal bag" is unpersuasive. Responding to a similar argument in *Vassilkovska*, the court noted that the arbitration agreement was separate and apart from the purchase contract, as evidenced by the specific survival language in the Agreement itself. *Id.* at 629 (distinguishing *Jensen v. Quik Int'l*, 213 Ill.2d

119, 289 Ill.Dec. 686, 820 N.E.2d 462 (2004)). Here, the Agreement contains identical survival language: "This Arbitration agreement shall, with respect to such dispute, survive the termination or expiration of any purchase order and/or bill of sale or any retail installment contract executed at the time the vehicle is purchased." (Def.Mem., Exh. B.) This language clearly indicates an intention to bind the parties to arbitration notwithstanding the longevity of any separate agreements pertaining to the vehicle purchase. As such, the Agreement is a separate contract in its own right and must be reviewed independently to ensure that it contains the elements necessary for contract formation. *See id.* at 624. In sum, without imposing mutual obligations to submit claims to arbitration, the Agreement lacks consideration and is unenforceable.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss or, Alternatively, To Compel Arbitration is **denied**.

**IT IS SO ORDERED.**